```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
DAVID A. CASTLEMAN AS RECEIVER FOR         :
EMINIFX, INC,                              :
                                           :
                                           :
                      Plaintiff,           :     25-CV-0042 (VEC)
                                           :
           -against-                       :     OPINION & ORDER
                                           :
INTERACTIVE BROKERS LLC,                   :
                                           :
                                           :
                      Defendant.           :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff is the Court-appointed equity receiver (the "Receiver") in *CFTC v. Alexandre et al.*, 22-CV-3822 (S.D.N.Y. 2022) (the "CFTC Action"). Pursuant to his powers as Receiver, Plaintiff sued Defendant Interactive Brokers LLC in New York state court. Defendant removed, arguing that this Court has federal question jurisdiction to adjudicate this case. The Court disagrees and REMANDS the case to state court.

## BACKGROUND

In 2022, this Court appointed Plaintiff to serve as the Receiver in the CFTC Action. *See* Statutory Restraining Order, CFTC Action, Dkt. 9, ¶ 30 (appointing Plaintiff as Receiver on a temporary basis); Consent Order, CFTC Action, Dkt. 56, ¶ 37 (appointing Plaintiff as Receiver on a permanent basis and defining his powers with reference to the Statutory Restraining Order). Pursuant to the Court's Statutory Restraining Order in that case, Plaintiff manages "all customer funds and property and other assets traceable to customers in the possession or under the control of Eddy Alexandre," the founder and CEO of the now-defunct investment club EminiFX, which

allegedly operated as a Ponzi scheme.[1]  Statutory Restraining Order ¶ 30.  The Statutory Restraining Order entrusts to the Receiver the responsibility to preserve EminiFX's assets, investigate and determine customer claims, and oversee the distribution of funds to defrauded investors.  *Id.* ¶ 8.  To accomplish that, the Statutory Restraining Order grants the Receiver various powers, including the power to "[i]nitiate, . . . or become a party to, any actions or proceedings in state, federal, or foreign court that [he] deems necessary and advisable to preserve or increase the value of the Receivership Estate or that [he] deems necessary and advisable to carry out [his] mandate."  *Id.* ¶ 31(i).

The Receiver sued Defendant Interactive Brokers LLC in the Supreme Court of the State of New York.  *See* Compl., Dkt. 1-1.  The Complaint alleges that Defendant, a brokerage firm, failed to interrupt suspicious activity by Mr. Alexandre, who used Defendant's platform in connection with his Ponzi scheme.  *See id.* ¶¶ 35–67.  The Complaint raises claims of negligence and aiding and abetting breach of fiduciary duty under New York common law.  *Id.* ¶¶ 73–94.

Defendant removed the case, claiming that the Complaint presents "federal question[s]" because the Receiver's "authority is governed by [this Court's] receivership orders and by federal receivership law."  Notice of Removal, Dkt. 1, ¶ 7.  This Court issued an order to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction.  January 13, 2025, Order, Dkt. 9.  Defendant filed a memorandum arguing that this Court has jurisdiction over this matter, *see* Def. Mem., Dkt. 12, and the Receiver filed a response arguing that it does not, *see* Pl. Mem., Dkt. 13.

---

[1]   Although Mr. Alexandre contests liability in the CFTC Action, he pled guilty to commodities fraud in a parallel criminal action, admitting that he "intentionally and willfully" misinformed investors about EminiFX's trading functionalities "to get them to invest with EminiFX."  *See* Tr., *United States v. Alexandre*, 22-CR-326 (S.D.N.Y. 2022), Dkt. 78, at 30:6–11, *see also id.* at 25:9–17.  This Court also concluded that EminiFX exhibited the hallmarks of a Ponzi scheme based on evidence put forth by the Receiver in support of his proposed distribution plan.  *See* Opinion & Order, CFTC Action, Dkt. 431, at 9–11.

## DISCUSSION

I.     **The Court Lacks Federal Question Jurisdiction**

A defendant in a civil action may remove a case filed in state court to a federal district court with original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal question jurisdiction pursuant to 28 U.S.C. § 1331(a) "is part of the 'original jurisdiction' of the federal district courts." *Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 146 (2d Cir. 2023); *see also* 28 U.S.C. § 1332(a) (defining when district courts have original jurisdiction). Such jurisdiction arises in civil actions "founded on a claim or right arising under the Constitution, treaties or laws of the United States." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474–75 (1998) (quoting 28 U.S.C. § 1441(b)).

    A.     **The Well-Pleaded Complaint Rule**

Federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998).

Defendant argues that "removal [is] warranted based on [Plaintiff's] own pleadings," in which he cites this Court's orders to explain why he has authority to bring suit. Def. Mem. at 1; *see* Compl. ¶¶ 68–72. This is insufficient to create a federal question. Federal question jurisdiction requires "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a *substantial question of federal law*." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (cleaned up). Defendant's intention to argue that the Receiver has exceeded the scope of authority granted to him by this Court's orders is irrelevant because "a case may *not* be removed to federal court on the basis of a federal

defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc.*, 482 U.S. at 393. Hence, references in the Complaint to the federal court order appointing the Receiver is insufficient to create federal question jurisdiction.

This straightforward application of the well-pleaded complaint rule is consistent with over a century of precedent from the Supreme Court, which has held that "the bare fact that the appointment of [a] receiver was by a Federal court" does not mean that "all actions against him aris[e] under the Constitution or laws of the United States." *Gableman v. Peoria, D. & E. Ry. Co.*, 179 U.S. 335, 340 (1900); *see also Bausman v. Dixon*, 173 U.S. 113, 114 (1899). Defendant urges a contrary conclusion by misapplying two Supreme Court cases. First, Defendant cites *Bausman v. Dixon* for the proposition that "a federal court retains federal question jurisdiction to hear cases where the 'validity of [a receiver's] authority [is] drawn in question,'" and where there is 'suggestion in the pleadings . . . that any right the receiver possessed as receiver was contested.'" Def. Mem. at 3 (quoting *Bausman*, 173 U.S. at 114).

In *Bausman*, however, the Court *declined* to exercise jurisdiction when a federally-appointed receiver of a railroad tried to appeal a state court judgment against him to the Supreme Court on a writ of error. *Id.* at 114. In dismissing the writ of error, the Court explained that the mere existence of a federal court order appointing a receiver did not create a federal question "and the receiver did not set up any right, derived from that order, which he asserted was abridged or taken away by the decision of the state court." *Id.* Although the Court noted in *dicta* that "the validity of [the receiver's] authority as such was not drawn in question," it did not hold that there would necessarily be federal question jurisdiction if such a claim had been made. *Id.*

Defendant's reliance on *Gay v. Ruff*, 292 U.S. 25 (1934), is even further afield. That case also concerned a negligence action brought in state court against a federally-appointed receiver

4

of a railroad for the negligence of the railroad's employee. The receiver removed the case to federal court. *Id.* at 27. The Supreme Court affirmed the Court of Appeals' finding that removal was inappropriate. *Id.* at 40. In reaching that conclusion, the Court noted:

> This suit is under the law of Georgia; and was brought as of right in the state court. It does not relate to any operation of the federal government. The defendant receiver does not justify [removal] under any judgment or order of a federal court. Nor does the suit present otherwise any federal question. Its only relation to the federal law is that the receiver sued was appointed by a federal court. . . . The fact that the defendant is a federal receiver does not make the cause removable upon the ground that it was a case under the Constitution and laws of the United States.

*Id.* at 34 (citations and internal quotation marks omitted). The same is true here even though the Receiver is the Plaintiff: the Receiver's complaint sounds entirely in state law and makes no reference to federal law.

Defendant attempts to analogize to *Gay* by noting that Plaintiff "justif[ies]" his authority to bring suit by citing to this Court's orders. Def. Mem. at 4. That argument misreads *Gay*, which suggests that a defendant seeking removal — not the plaintiff — may "justify" doing so by citing to a "judgment or order of a federal court." *Id*. This Court's orders in the CFTC Action furnish no such justification for Defendant; indeed, although the Statutory Restraining Order in the CFTC Action provides that the Court "retains jurisdiction of *this matter* for all purposes," it did not state or imply that it would retain jurisdiction over all other matters brought by the Receiver. Statutory Restraining Order at ¶ 46 (emphasis added). The Statutory Restraining Order also explicitly contemplates that the Receiver might "initiate . . . actions or proceedings in state, federal, or foreign court," indicating that this Court is not the appropriate forum for any and all litigation brought by Plaintiff in his capacity as Receiver. *Id.* ¶ 31(i).

5

B.     The *Grable-Gunn* Test

Where a federal question is not raised on the face of a well-pleaded complaint, federal question jurisdiction may nevertheless arise if the state law claims in the complaint "turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  In such cases, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Defendant argues that this case "implicate[s] significant federal issues" pertaining to the "scope and limits of the federal Receiver's power on behalf of EminiFX and its investors to bring these claims against [Defendant]."  Def. Mem. at 6.  Those issues, however, are neither necessarily raised nor substantial.

A federal issue is "necessarily raised" if "a right or immunity created by the Constitution or laws of the United States . . . [is] an element, and an essential one, of the plaintiff's cause of action.  The inquiry must be unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021) (citations and internal quotation marks omitted).  An issue is not necessary if the plaintiff's "claims s[eek] relief under state law and none necessarily raise[s] a federal issue." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315–16 (2d Cir. 2016) (quoting *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 393 (2016)).

The Receiver exclusively raises state common law claims, none of which involves a right or immunity created by federal law.  Indeed, the Complaint references federal law only when it

notes that this Court's orders empower the Receiver to bring his claims, none of which is "affirmatively premised on a violation of federal law." *Jacobson*, 824 F.3d at 315–16 (internal quotation marks omitted). Federal issues appear only in the context of Defendant's defense, meaning they are not necessarily raised by the Complaint.

This Court also lacks jurisdiction under the *Grable-Gunn* test because the federal issue Defendant invokes is not substantial. To qualify as substantial, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; rather, [t]he substantiality inquiry . . . looks . . . to the importance of the issue to the federal system as a whole." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 913 (2d Cir. 2024) (internal quotation marks omitted). "[I]t is to be expected that, after . . . careful, case-specific consideration, most federal law questions raised in connection with state law claims will not be deemed substantial." *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1029 (2d Cir. 2014).

Here, the purported federal issue — whether the Receiver has authority to bring this lawsuit — is relevant only to this case and future cases that Plaintiff may bring in his capacity as Receiver in the CFTC Action. A state court's interpretation of a single federal court's orders in a single case has no significance for the federal system as a whole, and regardless, the Court has no reason to doubt the capacity of the state court to apply its orders. *See Link Motion*, 103 F.4th at 914–15 ("Even absent federal review, substantiality is not shown by the mere possibility of a state court ruling at odds with federal law. . . . In any event, we do not readily assume that state courts will cast aside applicable federal precedent."). Defendant's assertion that this case may have implications for cases brought by "other federal receivers in the future" is entirely conclusory. Def. Mem. at 8. The Court cannot imagine (and Defendant does not explain) how

its arguments about the specific language of the Statutory Restraining Order in the CFTC Action could possibly affect *other* receivers subject to *other* orders in *other* actions.[2]

## II.     The Court Lacks Ancillary Jurisdiction

Finally, Defendant argues that this Court has ancillary jurisdiction to hear this case. Ancillary jurisdiction "allows a district court to decide matters that are 'factually interdependent' with another matter before the court, or to take actions necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994)). Ancillary jurisdiction does not help Defendant, however, because "a 'court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) (quoting *Peacock v. Thomas*, 516 U.S. 349, 355 (1996)). Put differently, ancillary jurisdiction cannot provide original jurisdiction that the removing party must show in order to remove an action under 28 U.S.C. § 1441. *Id*.

For the reasons set forth in Section I, this Court lacks original jurisdiction over this case; accordingly, concepts of ancillary jurisdiction cannot be used as a basis for removal.

## CONCLUSION

For the foregoing reasons, removal was improper because the Court lacks subject matter jurisdiction to adjudicate this case. The Clerk of the Court is respectfully directed to terminate

---

[2] Because the *Grable-Gunn* factors are conjunctive, the Court need not consider the other two factors. Nevertheless, it will address briefly whether there is actually a disputed federal issue. Defendant attempts to gin up an actual dispute by misreading the allegations in the Complaint. It is clear that the Receiver is bringing this case on behalf of the EminiFX Estate. If the Receiver is successful, any recovery will go to the Estate, and it will be distributed to EminiFX's former customers. No fair reading of the Complaint is that the Receiver is suing on behalf of EminiFX's former customers. Defendant argues that its i*n pari delicto* defense to the action is actually disputed. While that may be true, that is a state law defense, not a federal defense. In short, there is no actual dispute about any federal issue.

any open motions and to remand the case to the Supreme Court of the State of New York, County of New York.

**SO ORDERED.**

Date:  **April 10, 2025**
      **New York, New York**

           **VALERIE CAPRONI**
           **United States District Judge**